PARTIN, FONDREN & FOWLER ET AL. v. E. P. WALLACE.

Decided June 30, 1909.

**1.—Laborer's Lien—Affidavit.**

An affidavit made to fix a laborer's lien on ties under article 3339a, Revised Statutes, stating the amount of the debt and that it was for labor and services performed, and that it was made for the purpose of fixing a lien on the property, was sufficient. It was not necessary to state therein that the property was manufactured by his labor.

**2.—Same.**

Where there was an agreement to pay for the services of the laborer on July 1, 1908, the indebtedness accrued on that date, and the time within which the lien could be fixed then began to run.

**3.—Same—Purchaser—Notice—Burden of Proof.**

Where one purchases the property from the employer before the laborer's lien, under article 3339a, is fixed, he is protected against the lien unless he had actual notice of the laborer's claim before the purchase, and the burden of proof is on the lienholder to show such actual notice.

Appeal from the County Court of Tyler County. Tried below before Hon. A. G. Reid.

*Mooney & Mann,* for appellant T. H. Neyland.

*Joe W. Thomas,* for appellee.

REESE, ASSOCIATE JUSTICE.—In this case E. P. Wallace sued Partin, Fondren & Fowler in the County Court to recover $268, alleged

to be due for services as sawyer at their sawmill. Plaintiff also set up a laborer's statutory lien on 1,000 railroad ties, the product in whole or in part of his labors, which lien he sought to foreclose. F. C. Holland, trustee under a deed of assignment, was also made a party defendant and answered, disclaiming any interest in the ties, which had not come into his possession.

The lien was filed under the statute on July 22, 1908. Suit filed August 27, 1908. T. H. Neyland, a firm composed of T. H. Neyland and J. P. Mann, intervened, claiming to be purchasers of the ties without notice of the lien. To this plaintiff replied, alleging notice to interveners, and that they had converted the ties to their own use, and praying judgment for their value.

It developed upon the trial that $86.75 of plaintiff's account was for boarding the hands, and the court rendered judgment against defendant Partin, Fondren & Fowler for the amount sued for and foreclosing the lien as against them and Holland to the extent of $181.25 and against intervener T. H. Neyland for $181.25, the amount of the account secured by the lien. Defendants and interveners both have perfected appeal, but there are on file no briefs for defendants.

The affidavit of appellee as to the lien is sufficient under the statute. It was not necessary to state in the affidavit that the ties were manufactured by his labor. The amount of the debt was stated, and that it was for labor and services performed. It was further stated that the affidavit was made for the purpose of fixing a lien on the 1,000 ties. (Art. 3339b, Rev. Stats.) The first, second and fourth assignments of error are overruled. There was no error in finding as a·fact that the lien was filed within thirty days of the accrual of the indebtedness. The evidence was sufficient to show that there was an agreement to pay on July 1, 1908, and the indebtedness accrued then. (Sparks v. Crescent Lumber Company, 40 Texas Civ. App., 223.) The third assignment of error presenting the question is without merit. The trial court found that the interveners purchased and paid for the ties prior to July 22, 1908, when the lien was fixed under the statute. According to this finding the interveners had no constructive notice of the lien at the time they bought and paid for the ties, and by the express terms of the statute they are protected unless they had at the time of the purchase actual notice "of the claim of the lienholder" upon the ties. (Art. 3339b, Rev. Stats.)

The court makes no finding upon the issue of actual notice. The burden of proof upon this issue would be upon appellee, as the evidence shows that interveners are purchasers of the ties, and this fact protects them "unless" they had actual or constructive notice before their purchase. The evidence does not show such actual notice of the "claim of the lienholder" on the ties prior to the purchase, and payment therefor, by interveners. The findings of the trial court tend to the conclusion that this issue was not considered material. As we view it, appellee's right to recover of interveners depends upon proof of this fact of notice. (Rev. Stats., art. 3339b.)

The lien of appellee is not such a lien as is given to a mechanic or artisan on any article made by him, by section 37, article 16 of the Constitution. It was not so treated by appellee himself, who speaks

of it as a laborer's lien, and the ties as the product of his labor, in the language of article 3339a, which deals with a different class of liens from those given by the Constitution. Appellee's lien depends alone on the statute referred to, and is subject to its terms and provisions, one of which protects the purchaser without notice actual or constructive, of the property upon which the lien is claimed.

The case of Keating Imp. Co. v. Marshall Elec. Co. (74 Texas, 605) and other authorities to the same effect, cited by appellee, have no application.

The evidence does not appear to have been fully developed on this point of notice. For this reason the judgment is reversed as to the interveners and the cause as to them remanded. The judgment as to the defendants Partin, Fondren & Fowler, for debt and foreclosure, and against the trustee Holland for foreclosure, is affirmed, no error being shown as to them. Except as indicated, the assignments present no error, and are overruled. One-half of the costs of appeal will be taxed against appellee and one-half against appellants Partin, Fondren & Fowler.

*Affirmed in part and reversed and remanded in part.*