**PENA v. LE COMTE et al.**

No. 8610.

Court of Civil Appeals of Texas. San Antonio.

Feb. 25, 1931.

Rehearing Denied March 25, 1931.

Tom J. Newton, L. J. Gittinger, T. J. Newton, Jr., and Van Henry Archer, all of San Antonio, for appellant.

Ingrum & Smith and Ben S. Morris, all of San Antonio, for appellees.

COBBS, J.

Appellant instituted this suit against appellees to restrain them from building a fence across Octavia place at or near the point where Octavia place enters the premises of appellant, or from in any manner closing said Octavia place to the use of appellant in going to and from his said premises over and along said Octavia place.

The court refused to grant the writ, and the appellant appeals.

Appellees filed an answer alleging they were damaged in the sum of $25,000, and praying that no writ be granted for appellant, but that they be granted a writ of temporary injunction restraining appellant from in any way interfering with the right of appellees to erect a fence upon a ten-foot strip of land at the east end of Octavia place, and place the same in the condition in which it was before the wrongs perpetrated by the appellant were done, and that they have their damages for $25,000. The court granted the injunction, but it was suspended until the appeal taken is decided.

Appellant showed no right or title in the property whatever. It was ten feet of ground that lay outside of Octavia place in a reservation, with no right whatever given to anybody to cross over the strip of ground permanently or to go over it at will.

There were other houses and settlements along Octavia street, and the occupants thereof were greatly disturbed by the passage of people and the passage of cars, which created dust and noise, and amounted to a nuisance. To prevent this disturbance, it was intended to withdraw appellees' permission and close the entrance upon this property, which was entered over the reservation.

As stated, appellant had no right or title to any of the ten-foot strip of land, and what use he had made of it was through the permission of appellees, who now sought to withdraw it.

■■ On the question of granting a temporary writ to restore the status of the thing in controversy pending the final disposition of the case much has been written. Welsh et al. v. Carter (Tex. Civ. App.) 30 S.W.(2d) 354; Merrell et al. v. Moore et ux. (Tex. Civ. App.) 300 S. W. 953. It was said injunctions merely preserve the status until the final trial and the action of the court thereon is a matter of discretion, and the "merits of the controversy between the parties are not proper to be considered at the time." See, also, James v. E. Weinstein & Sons (Tex. Com. App.) 12 S.W.(2d) 959. No legal rights are shown to travel over this land. Santa Fé Town-Site Co. et al. v. Norvell (Tex. Civ. App.) 187 S. W. 978.

■ We do not think the court erred in refusing, under the circumstances, the writ, and leaving the parties to their legal and common-law remedies.

The judgment is affirmed.