**STEPHENSON et al. v. MITCHELL et al.**

No. 6293.

Court of Civil Appeals of Texas. Texarkana.

Aug. 1, 1947.

Rehearing Denied Sept. 4, 1947.

O. B. Fisher, of ·Paris, for appellants.

Pat Beadle, of Clarksville, for appellees.

HALL, Chief Justice.

This is an injunction suit instituted by D. A. Stephenson, L. L. Stephenson, I. T. Stephenson and Annie Stephenson, appellants (plaintiffs below), against Mack Mitchell and other appellees (defendants below), in which it was sought to restrain appellees from cutting a ditch and constructing an embankment across a small tract of land claimed by appellants. It was alleged by verified petition that immediate and irreparable loss and damage would result to appellants' land by cutting the ditch and constructing the embankment.

In addition to certain exceptions and a general denial, appellees alleged that they had theretofore been directed by mandatory injunction, issued out of the District Court of Red River County, to cut the ditch and construct the embankment complained of; that a ditch in the location had long been maintained by Red River County for drainage as a part of its public road system.

Trial was to the court without a jury, and after a full hearing the trial court refused appellants any relief.

Appellants' second point is: "The court erred in refusing plaintiffs' prayer for temporary injunction, the verified pleadings and uncontradicted evidence showing that plaintiffs as cotenants and tenants in common with others won and are using and occupying a tract of land over and across which defendants are threatening to cut a ditch and construct an embankment which will result in immediate and irreparable injury, loss and damage to plaintiffs for which they have no adequate remedy at law, and such refusal to grant a temporary injunction constituted and was an abuse of discretion on the part of the court."

It is appellants' contention that they as tenants in common with other parties had the right to protect the common property from "immediate and irreparablee loss and damage" without the joinder of the remainder of the common owners. Appellees do not contradict this proposition of law, but in their counter point assert that appellants failed to show any title to the land in controversy. In our opinion, this presents a controlling issue in this case.

The land involved in this suit is a part of the Jones Survey in Red River County which appellants claim by inheritance. They introduced their record title which showed a deed to Jane L. Stephenson from James Morrison, assignee of Robert Jones, dated July 3, 1872, conveying the entire Jones Survey, less 350 acres off the west side theretofore sold to George Morgan. On March 10, 1886, Jane L. Stephenson conveyed 100 acres of the Jones Survey to J. B. Davis. Sometime prior to the conveyance to Davis, a tract of land south of the Davis tract was conveyed to J. M. Morgan. The record is not clear as to when this conveyance was made. On September 26, 1901, Ike Stephenson, father of appellants D. A. Stephenson, L. L. Stephenson, I. T. Stephenson, and his sister, Annie Stephenson, the other appellant herein, filed a suit in the District Court of Red River County for partition, seeking a division of land owned by them and other parties, which included the land owned by them in the Jones Survey. Commissioners were appointed by the district court, who, acting with a surveyor, divided the lands among the rightful owners. No objection to the report being filed, it was on May 26, 1902, confirmed by the district court, and a judgment of partition entered accordingly. It is appellants' contention "that the land involved in this suit was not partitioned and lies west of tract No. 1 of the Robert Jones Survey (as partitioned) and north

of the J. B. Davis tract." This small tract of land is shown on the map inserted below as BCYX. The petition sets out the lands sought to be partitioned, among which is the Jones Survey, less portions theretofore conveyed to other persons.

at a stake, the N. E. corner (E) of the Robt. Jones Survey. Thence West 365 vrs. to a stake (C), *the N. E. corner of the J. B. Davis tract. Thence South with his E. B. line* 260.8 varas to the N.W. corner (G) of #2. Thence E with its N. B. line

The J. B. Davis tract lies to the west of a portion of the land partitioned, and its description calls to begin at the N.W. corner (A) of the J. M. Morgan tract and runs 1366 varas North to stake. No field notes of the J. M. Morgan tract appear in the record, so from this call alone, we are unable to determine whether it reaches the North line of the Jones Survey. However, in the judgment of partition of 1902, as well as report of commissioners appointed to partition the land, in describing Block 1 alloted to Ike Stephenson, the father of three appellants and brother of the other appellant, the field notes read: "Beginning 365 varas to the N. E. corner (E) of the same; thence N 260.8 varas to the place of beginning." (Italics ours.) Thus it is seen that in the commissioners' report and the decree of the court embodying and confirming same, the N. W. corner (C) of the Davis tract is fixed at a point in the North line of the Jones Survey, and the West line of Block 1 is coincident with the East line of the Davis tract. This for the reason that the North line of the Jones Survey runs East and West, as does the Davis North line. Thus the conclusion seems inescapable that the North line of the Davis tract lies along and upon the

North line of the Jones Survey. This being true, there can be no vacancy between the Davis North line and the North line of the Jones Survey, nor between the Davis East line and the West line of Block 1. The decree of partition of 1902, from a survey on the ground, fixed the boundaries of Block 1 and the Davis tract. That decree has been in force for forty-five years. It has never been changed or modified in the least, and appellants are bound by its terms.

A Judgment in a partition suit is as binding upon the parties thereto and their privies as any other judgment. Farias v. Clements, Tex.Civ.App., 99 S.W.2d 1018; Smoot v. Chambers, Tex.Civ.App., 156 S.W.2d 314, and authorities cited. A district court is not restricted in suits of this character to a simple division of the joint property among the claimants, but, as stated by Judge Critz in Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 445, 128 A.L.R. 1223, "may go further, and determine all questions of law or equity affecting the title to such land, or any part thereof, which may arise in the trial. Stated another way, in a statutory partition suit, the district court is expressly given power to determine all questions of law or equity affecting the title to the property involved in the suit." The partition judgment of 1902 decreed in effect that there was no vacancy between the Davis North line and the Jones North line, nor between the Davis East line and the West line of Block 1, but that all the land claimed by the joint owners was partitioned. Moreover, the effect of the 1902 partition judgment was to divide and set apart in specific parcels to the claimants all the land claimed by them as joint owners. We held in Gulf Production Co. v. Baton, Tex.Civ. App., 108 S.W.2d 960, 965, writ refused, that: "The presumption obtains in this state that, where a tract of land is partitioned among the joint owners, the whole of said land is partitioned unless some portion thereof is expressly excepted." See also Rio Bravo Oil Co. v. Weed, 121 Tex. 427, 50 S.W.2d 1080, 85 A.L.R. 391. The length of time the 1902 partition judgment has been in effect lends great strength to this presumption.

It is true that there is testimony in the record to the effect that appellants claim the small tract of land here involved and used it. Also there is evidence to the effect that it was known as their land. But there is no claim advanced by appellants under any of the statutes of limitation. Their claim of title under both pleading and proof rests solely upon inheritance from their ancestor, as shown by the record title introduced. Appellants having put their title in issue, it developed upon them to establish it. This, as pointed out above, they failed to do. On the other hand, appellees showed that appellants had no title to the land in controversy. In such circumstances, the temporary injunction was properly overruled.

However, should we be mistaken in the conclusion expressed above, still, in our opinion, the judgment of the trial court must be affirmed for the following reasons. The evidence reflects that more than twenty years ago Red River County opened a ditch at the location of the proposed one. This ditch was maintained for a number of years by the county as a part of its drainage system for one of its public roads. A short time ago that drainage ditch was filled up and obliterated by some of the appellees, and, as a result of such action by them, a mandatory injunction has been issued out of the District Court of Red River County requiring them to reopen same. This mandatory injunction provoked this suit by appellants. The granting or refusing of a temporary injunction is a matter addressed to the sound discretion of the trial court under all the facts in the case. 43 C.J.S., Injunctions, § 14, and the numerous authorities cited. From a consideration of the entire record herein, we are unable to state that the trial court abused its discretion in refusing the temporary injunction.

The judgment of the trial court is affirmed.