**J. C. PARKER et al., Appellants,**

**v.**

**C. L. POLLARD, Appellee.**

**No. 7699.**

Court of Civil Appeals of Texas, Beaumont.

May 1, 1975.

Rehearing Denied May 22, 1975.

---

Malone, Murphy & Lee, Huntsville, for appellants.

James E. Faulkner, Cold Springs, for appellee.

STEPHENSON, Justice.

This is an appeal from an order of the trial court granting a temporary injunction. The parties will be referred to here as they were in the trial court.

Plaintiff, C. L. Pollard, brought this suit in San Jacinto County to restrain defendant, J. C. Parker (Sheriff), from any further levy against plaintiff's equity in certain real estate in San Jacinto County, to set aside a sheriff's deed to David D. Murphy, and for damages against the Sheriff. All of that relief was granted by the trial court even though the entire record shows the court was hearing only the temporary injunction.

Defendants have many points of error complaining about the action of the trial court; however, the only point we reach is the one contending it was error for the court to grant any relief because the uncontroverted evidence shows plaintiff had no justiciable interest in the subject matter of this suit. This point of error is sustained.

This record shows conclusively that plaintiff entered into a contract of sale dated June 13, 1969, to purchase from H. P. Albrecht, Trustee, the land involved in this suit. May 28, 1974, David D. Murphy secured a money judgment against plaintiff in the District Court of Walker County. The sale by the Sheriff under that judgment is the one complained of here. On the hearing of the temporary injunction in the present case the trial court admitted in evidence, without objection, a deed from plaintiff to H. P. Albrecht, dated December 2, 1974, conveying all of plaintiff's interest in the land involved in this suit.

Plaintiff then filed this suit December 16, 1974, and there is no evidence that the title to the land in this suit was reconveyed to him.

Plaintiff had no justiciable interest in the land involved in this suit and, therefore, could not maintain this action. Hoffman v. Davis, 128 Tex. 503, 100 S.W.2d 94 (1937); Logan v. Thomason, 146 Tex. 37, 202 S.W.2d 212 (1947); Dalton v. Davis, 1 S.W.2d 571 (Tex.Comm'n App.1928, holding approved); City of Waco v. Akard, 252 S.W.2d 496 (Tex.Civ.App.—Waco 1952, writ ref'd n. r. e.); Hollar v. Jowers, 310 S.W.2d 721 (Tex.Civ.App.—Eastland 1958, writ ref'd n. r. e.); Pena v. Le Comte, 35 S.W.2d 252 (Tex.Civ.App.—San Antonio 1931, no writ); Stephenson v. Mitchell, 205 S.W.2d 625 (Tex.Civ.App.—Texarkana 1947, no writ); McBride v. Aransas County, 304 S.W.2d 450 (Tex.Civ.App.—Eastland 1957, writ ref'd n. r. e.).

The judgment of the trial court is reversed, the temporary injunction is vacated and dissolved, and the cause is dismissed.

Reversed and dismissed.