**Alan GETZ, Appellant,**

**v.**

**The BOSTON SEA PARTY OF HOUSTON, INC., Appellee.**

**No. 17250.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 5, 1978.

Sewell, Junell & Riggs, William A. Worthington, Houston, for appellant.

Elliot T. Gerstenhaber, Houston, for appellee.

EVANS, Justice.

This is an appeal from a temporary injunction.

The appellee operates a restaurant on a tract of approximately four acres of land on Westheimer Road, having leased the property from one of the defendants, Jerry Argovitz, in 1976. The four acre tract was at one time part of an eight acre unit which Argovitz divided in 1973 by a conveyance of the south one half to Johnny Lester. In late 1976 the appellant, Alan Getz, purchased the south four acres at a foreclosure sale, and at the time of the hearing he operated a "mini-warehouse" on that land. Apparently then unknown to any of the parties, a sewer line was located underneath the surface of the appellant's tract of land, connecting the sewer line serving the appellee's restaurant with a sewage discharge system located to the south of appellant's property.

Subsequent to the appellee's taking possession of the north four acres under its lease from Argovitz, a serious problem was discovered with respect to the sewer line "backing-up" into the restaurant. In order to alleviate this problem the appellee placed a "clean-out" drain on the southern part of the four acre tract, but the sewer continued to back-up, creating a sanitation problem and on occasion requiring the appellee to close its restaurant to the public. The appellee then had a work crew go on the appellant's property to check the sewer line through a manhole opening which had been located on the appellant's land, and this inspection indicated the sewer to be plugged with "grease, sludge, rocks, and boulders." After further entry was refused by the appellant, the appellee brought this action, contending that its only alternative was to connect its sewer line north to the city sewer line on Westheimer and seeking an injunctive right to enter upon the appellant's land for a period of six months in order to clean out the sewer line until the alternative connection could be made.

The trial court found that if the appellee was not permitted to enter upon the appellant's property for the limited purpose of unblocking the sewage system, a health hazard would be created endangering the lives of the appellee's employees and invitees and that a necessity existed for a limited time, not to exceed six months, to allow the appellee to construct an alternative sewage route. The trial court accordingly entered a temporary injunction order on June 8, 1978, enjoining the appellant for a period of 180 days from interference with the appellees' entry upon the appellant's premises for the limited purpose of unblocking the sewage system.

In three points of error the appellant contends that the trial court abused its discretion in entering the injunction order because it altered the status quo, because it granted the appellee complete relief at the temporary hearing, and because the appellee failed to plead a cause of action and show a probable right to relief.

It is not the purpose of a temporary injunction to transfer possession of property from one person to another, but rather to preserve the original status of the property pending a final decision on the rights of the parties. *Morgan v. Brannon,* 95 S.W.2d 509

(Tex.Civ.App.—Eastland 1936, no writ); *Story v. Story* 142 Tex. 212, 176 S.W.2d 925, 927 (1944).

Where a party seeking injunctive relief with respect to the use of land fails to establish any right therein, the status quo is the owner's uninterrupted possession. *Pena v. Le Comte,* 35 S.W.2d 252 (Tex.Civ.App.— San Antonio 1931, no writ); *Payton v. Hurst Eye, Ear, Nose & Throat Hospital and Clinic,* 318 S.W.2d 726, 731 (Tex.Civ. App.—Texarkana 1958, writ ref'd n. r. e.). However, where the applicant for temporary relief proves the probability of some easement right in the property of another, the status quo is the applicant's continued right to exercise such possession of the property as the easement right carries with it. *North v. Atlas Lime Co.,* 2 S.W.2d 956 (Tex.Civ.App.—El Paso, 1928, no writ).

In the case at bar it is undisputed that the appellee has no right with respect to the sewage line crossing the appellant's property unless such right exists under facts establishing an implied easement. Thus, the status quo must be determined on the basis of whether the facts adduced at the temporary hearing showed that the appellee probably owned an easement right in the appellant's land.

In order to show a probable right, it was the plaintiff's burden to prove the essential elements of unity of ownership, continuance and apparent use, and strict necessity constituting the basis of an easement by implied reservation. *Mitchell v. Castellaw,* 151 Tex. 56, 246 S.W.2d 163 (1952). The record does not reflect that the appellee met this burden at the temporary hearing.

Defendant Jerry Argovitz testified that at the time he sold the south one-half of the eight acre unit to the predecessor of the appellant Getz, he was unaware of the existence of the sewer line on that property and that he first became aware of its existence when he received a call from Getz in the latter part of 1976. The appellant, Getz, testified that the sewer line was not visible when he purchased the property and

that he had made a physical examination of the property at that time and could find nothing. He did not see the manhole cover when he inspected the property, and the first time he became aware of it was when it was hit and knocked into the air by a maintainer grading the surface of the property. The evidence does not establish that the sewer line was visible and apparent to the occupants of the appellant's property, and the record is silent with respect to whether the existence of the sewer line was "indicated by signs which might be seen or known on a careful inspection by a person ordinarily conversant with the subject." *Westbrook v. Wright,* 477 S.W.2d 663 (Tex. Civ.App.—Houston [14th Dist.], 1972, no writ). Thus, the appellee did not establish that there had been such continued and apparent use of the sewage line as would justify a conclusion that the appellee had an implied easement in the appellant's property.

A temporary writ should not be granted if it will effect a change in the original status of the parties' rights even though its purpose may appear reasonable and appropriate to prevent damage or injury to one of the parties. *McCan v. Missouri Pacific R. Co.,* 526 S.W.2d 754 (Tex.Civ.App.—Corpus Christi 1975, no writ). Since the appellee failed to establish the probability of an easement right in the appellant's property, the trial court abused its discretion in granting the temporary injunction.

The temporary injunction order is also defective because it purports to grant the same relief sought by the appellee upon final hearing. In its original petition the appellee sought a temporary injunction permitting it access to the defendant's premises for a period of six months, and on final hearing, it sought a permanent injunction against the appellant from preventing its access to the premises for a period of six months from "the date of the hearing." The legitimate purpose of a temporary injunction is to preserve the status quo until a final hearing can be had on the merits. *Lower Colorado River Authority v. Gulf Coast Water Co.,* 107 S.W.2d 1101 (Tex.Civ.

App.—Galveston 1937, no writ). The trial court's temporary injunction order should have been limited in its term from the date of the temporary hearing to the date of the hearing on the merits.

The judgment of the trial court is reversed and the cause is remanded.