**RUTHERFORD OIL CORPORATION, et al., Appellants,**

v.

**The GENERAL LAND OFFICE OF the STATE OF TEXAS, et al., Appellees.**

No. 3–89–060–CV.

Court of Appeals of Texas, Austin.

June 28, 1989.

Rehearing Denied Sept. 27, 1989.

P.M. Schenkkan, Vinson & Elkins, Austin, for Rutherford Oil Corp. and Conoco, Inc.

Tom C. McCall, Lynch, Chappell, Allday & Alsup, Austin, for Ladd Petroleum Corp.

Jim Mattox, Jose Manuel Rangel, Liz Bills, Priscilla M. Hubenak, Asst. Attys. Gen., Austin, for appellees.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

SHANNON, Chief Justice.

Appellants[1] challenge a Travis County district court order which dissolved a temporary injunction. We will reverse the order and remand the cause with instructions to the district court to reinstate the temporary injunction.

Rutherford leased mineral rights on various tracts of state land for which Rutherford paid the State a royalty. As part of its constitutional and statutory duties, the General Land Office (GLO) periodically reviewed the Rutherford payments to insure that the State received its full royalty. In 1986, the GLO determined that the Rutherford payments were inadequate and sent an audit billing notice to Rutherford that additional royalty was due. Such notice gave Rutherford thirty days either to pay the additional amount or to request a hearing. 31 Tex.Admin.Code §§ 4.21 *et seq.;* Tex.Nat.Res.Code Ann. §§ 52.135 and 52.-137 (Supp.1989). Initially, Rutherford requested a hearing, but then decided to file a declaratory judgment suit challenging the validity of the GLO regulations and the underlying statutes. Tex.Rev.Civ.Stat. Ann. art. 6252–13a, § 12 (Supp.1989) (APTRA).

After filing suit in Travis County district court, Rutherford requested a temporary

---

1. Appellants are the Rutherford Oil Corporation, Conoco, Inc., and the Ladd Petroleum Corporation. They will be collectively referred to as "Rutherford." Appellees are the General Land Office, the Commissioner of the General Land Office, and the State of Texas. They will be collectively referred to as the General Land Office or as the GLO.

injunction prohibiting the agency from conducting the hearing. The district court granted the temporary injunction but later dissolved it. Rutherford appeals from the order dissolving the temporary injunction.

When reviewing an order granting or dissolving a temporary injunction, the question is whether the district court abused its discretion. *Texas Foundries v. International Moulders & F. Wkrs.*, 248 S.W.2d 460, 462 (Tex.1952). Before one is entitled to a temporary injunction, the applicant must demonstrate both a probable right to recover and a probable, irreparable injury which will occur if no injunction is ordered. *Transport Co. of Texas v. Robertson Transports*, 261 S.W.2d 549, 552 (Tex. 1953); *see also* Tex.Civ.Prac. & Rem.Code Ann. § 65.011(3) (Supp.1989). In an appeal from an order denying or granting an application for a temporary injunction, appellate review is confined to the validity of the order denying or granting the injunctive relief and the merits of the underlying lawsuit are not presented for review. Indeed, it is error to consider the merits of the underlying lawsuit in an appeal of a temporary order. *Hertz Corp. v. State Dept. of Highways*, 728 S.W.2d 917, 919 (Tex.App. 1987, no writ).

■ Rutherford claims that it has a probable right to recover. Rutherford asserts that the GLO will be adjudicating Rutherford's obligation to pay a higher royalty in the hearing required by 31 Tex. Admin.Code § 4.21(b).[2] Because only courts may adjudicate property and contract rights, Rutherford concludes that the regulations requiring the hearing are probably invalid. We agree for this reason and for two other reasons discussed below.

■ The § 4.21(b) hearing, if conducted, will adjudicate Rutherford's obligation under the mineral lease. To adjudicate is to settle an issue "in the exercise of *judicial* authority. To determine finally." Black's Law Dictionary (5th ed. 1979) (emphasis

added). An adjudicatory hearing is one that decides legal rights, duties or privileges and which "in the absence of an appeal therefrom will be a final and binding decree with respect to any such legal rights, duties or privileges." *Big D Bamboo, Inc. v. State*, 567 S.W.2d 915, 918 (Tex.Civ.App.1978, no writ); *see also International Tel. & Tel. Corp. v. Local 134*, 419 U.S. 428, 443, 95 S.Ct. 600, 609–10, 42 L.Ed.2d 558 (1975) (agency adjudication, unlike rule making, is a decision with respect to a particular party). These definitions accurately illustrate the purpose of the § 4.21(b) hearings: to decide whether Rutherford owes additional royalties, such decision being final unless appealed.

The State, of course, disagrees. The GLO suggests that a § 4.21(b) hearing is no different from the hearings held by the Railroad Commission or any one of dozens of other state agencies. The GLO assertion seems correct on its face—the procedure is no doubt similar, but the substance is entirely different. State agencies usually employ hearings to construe and enforce regulatory requirements. By contrast, the GLO proposes to use the familiar hearing procedure to construe a lease. Only courts may determine such rights. Tex. Const. Ann. art. II, § 1 (1984) and art. V, § 1 (Supp.1989); *Railroad Commission v. City of Austin*, 524 S.W.2d 262, 267–268 (Tex. 1975); *Magnolia Petroleum Co. v. Railroad Commission*, 141 Tex. 96, 170 S.W.2d 189, 191 (1943); *Board of Water Engineers v. McKnight*, 111 Tex. 82, 229 S.W. 301, 304 (1921). The Supreme Court has written:

> While the lines which separate the powers of the three great departments of our government are not always clearly drawn, we find no difficulty in concluding that no power is more properly or certainly attached to the judicial department than that which determines contro-

---

**2.** One may have difficulty locating § 4.21(b) because the GLO regulations are improperly numbered. Just as 4.1 comes before 4.2, one expects to find 4.111 before 4.21; in other words, 4.21 is the same as 4.210. Such is not the case in the GLO regulations. Currently, the last section of Chapter 4 is 4.175. Section 4.21 does not come after this number because it is found where § 4.021 should be, *i.e.*, toward the front of the Chapter.

verted rights to property by means of binding judgments.

*McKnight*, 229 S.W. at 304.

■ Any party to an agreement is entitled to his view as to whether the agreement has been breached, but that does not include the right to bind others to his view. The GLO is a party to the lease it seeks to interpret. Allowing the GLO to render a binding opinion construing the lease gives the GLO a special advantage not enjoyed by other parties. This result violates the age-old rule that when the State engages in a non-sovereign activity (e.g., leasing minerals), the State must be treated in the same manner as any private party. *Fristoe v. Blum*, 92 Tex. 76, 45 S.W. 998, 999 (1898); *State v. Kroner*, 2 Tex. 492, 494 (1847); *State v. Franco–American Securities*, 172 S.W.2d 731, 738 (Tex.Civ.App. 1943, writ ref'd w.o.m.).

■ Further, a binding determination by the GLO could constitute a violation of Rutherford's right to due process. The GLO has a fiduciary duty to maximize revenues from State lands. Because this legitimate goal could be construed as an interest in the outcome of the hearing, it might be concluded that the GLO is not an impartial decision maker. A decision from a biased adjudicator would violate Rutherford's right to due process. *See Gibson v. Berryhill*, 411 U.S. 564, 579, 93 S.Ct. 1689, 1698, 36 L.Ed.2d 488 (1973); *Tumey v. Ohio*, 273 U.S. 510, 522–523, 47 S.Ct. 437, 440–41, 71 L.Ed. 749 (1927).

■ Because the GLO has no authority to adjudicate lease rights, because the GLO may not exercise any special rights not available to private parties, and because a determination by the GLO might violate due process requirements, we are persuaded that Rutherford has shown a probable right.

■ We turn now to Rutherford's arguments concerning its probable, irreparable injury. Rutherford argues that the main issue of its challenge to the regulations is whether the GLO may lawfully hold the hearing. Rutherford asserts that if the agency hearing occurs, any declaratory judgment regarding whether the GLO may hold the hearing will be ineffectual. Rutherford concludes that the mere occurrence of the hearing constitutes a probable, irreparable injury. We agree.

■ The legislature has explicitly provided a procedure to test the validity of agency rules. A rule may be challenged "if it is alleged that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff." Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 12 (Supp.1989) (APTRA). The purpose of this statute is to obtain a final declaration of a rule's validity *before* the rule is applied. *See* Shannon and Ewbank, *The Texas Administrative Procedure and Texas Register Act Since 1976—Selected Problems,* 33 Baylor L.Rev. 393, 424 (1981). Rutherford pleaded that the rules in question impair or threaten to impair its legal rights.[3] Having complied with the statute's condition, Rutherford is entitled to a declaratory judgment regarding the rules' validity.

The GLO claims, to the contrary, that the district court's authority will remain intact after the agency hearing is held. It is true that the district court's authority will remain to review the results of the hearing, *e.g.,* proper construction of the lease and what sum of money if any is owed, but what will be lost is appellant's present com-

---

**3.** The GLO asserts that there are insufficient facts in this case to indicate a dispute which would justify a temporary injunction. We disagree. It has been said that when suit is filed challenging an agency rule,

> the agency essentially is forced to decide whether it intends to apply the rule to petitioner. If the administrative body chooses not to apply the rule, it should so state in its pleading in district court, and the suit should be dismissed for want of jurisdiction.

Shannon and Ewbank, 33 Baylor L.Rev. at 425 (footnote omitted). The GLO has not stated an intent not to apply the rules; far from that, both in this Court and in the district court, the GLO has consistently asserted that it has the legitimate authority to hold a hearing and determine Rutherford's obligations under the lease. Therefore, we believe that no fact question exists in this regard because the parties' dispute concerns a matter of law.

plaint, *i.e.*, that the administrative hearing is unlawful and may not be held. An agency may always claim that the court's authority will remain to review the issues decided in the agency hearing, and that, accordingly, it should not be restrained from conducting the hearing. To accept the GLO's argument is to wholly nullify § 12.

The GLO insists that this appeal is controlled by a previous opinion of this Court, *i.e.*, *Public Utility Com'n of Texas v. City of Austin*, 710 S.W.2d 658 (Tex.App.1986, no writ). In that declaratory judgment suit, this Court overturned a temporary injunction because the city failed to show irreparable harm. 710 S.W.2d at 660. That holding is not controlling here because the underlying dispute did not invoke § 12. The dispute in *City of Austin* regarded the absence of agency rules. Because § 12 only authorizes challenges to existing rules, *City of Austin* cannot be a § 12 case and cannot be authority for § 12 cases. Of course, the dispute underlying this appeal is a challenge to an agency rule and § 12 was properly invoked.[4]

In summary, all of the GLO's arguments ignore Rutherford's right to resort to AP-TRA, specifically § 12, to challenge the agency hearing before it occurs.[5] Because this Court may not ignore the statute, we conclude that a probable injury exists and also conclude that the injury would be irreparable because the hearing cannot be undone once it is held.

Given that Rutherford has a probable right and that the § 12 issue will be moot if the GLO is not enjoined, we conclude that the district court abused its discretion when it dissolved the temporary injunction. *Texas Foundries*, 248 S.W.2d at 462.

---

**4.** One other case merits brief comment. In *Stockton v. Parks and Wildlife Commission*, 571 S.W.2d 338 (Tex.Civ.App.1978, no writ), this Court upheld a district court's denial of a temporary injunction in a § 12 case. However, in *Stockton* we decided that there was no probable right of recovery and as such we did not reach the question of what constitutes a probable, irreparable injury in § 12 cases.

**5.** Indeed, once one recognizes that Rutherford has the ability to challenge the hearing itself,

We reverse the order and remand the cause to district court for reinstatement of the temporary injunction. This Court's writ of temporary injunction, entered in cause number 3–89–061–CV, shall remain effective until the expiration of this Court's jurisdiction over its judgment herein.

the general statute on injunctions seems to require that the hearing not be held. A writ of injunction may be granted if "a party performs or is about to perform ... an act relating to the subject of pending litigation, in violation of the rights of the applicant, and the act would tend to render the judgment in that litigation ineffectual...." Tex.Civ.Prac. & Rem.Code Ann. § 65.011(2) (1986). Because conducting the hearing would destroy the subject of the § 12 suit, § 65.011(2) supports enjoining the GLO.