TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00340-CV






AIMCO Properties, L.P. and AIMCO/Brandywine, L.P., Appellants



v.



Time Warner Entertainment-Advanced/Newhouse Partnership


d/b/a Time Warner Communications, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 97-05649, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING 






 This appeal is taken from the trial court's order granting a temporary injunction prohibiting
interference with a cable easement. We will affirm the trial court's order.


BACKGROUND


 In 1984, American Television and Communications d/b/a Austin CableVision entered into
an agreement ("the agreement") with Wickshire Apartment Associates to provide cable service to the
Whisper Hollow II apartment complex, later renamed the Montecito Apartments. Pursuant to the terms
of the agreement, which was filed in the Travis County Real Property Records, Austin CableVision
designed, installed, and maintained equipment necessary to supply the complex with cable service. The
agreement stated that this equipment at all times would remain the property of Austin CableVision. Austin
CableVision had access to the property based on the grant of an unrestricted easement in gross contained
in the agreement which allowed Austin CableVision to market its cable service as well as to install, to
maintain, and to remove its equipment. By its terms, the agreement was to continue for the duration of
Austin CableVision's cable franchise, including any franchise extensions. Appellant, AIMCO, succeeded
Wickshire Apartment Associates as the owner of the Montecito Apartments. Through a series of
transactions, the assets of American Television and Communications, including Austin CableVision, were
transferred to Time Warner Entertainment-Advanced/Newhouse Partnership which now does business as
Time Warner Communications, the appellee.


STATEMENT OF FACTS


 This dispute between AIMCO and Time Warner Communications arose out of the right
to provide cable service to the Montecito Apartments. AIMCO took the position that any right Time
Warner Communications had to provide cable service expired. Acting on this conclusion, AIMCO cut
Time Warner Communications' main cable feed to the Montecito Apartments, spliced into Time Warner
Communications' wire, and converted Time Warner Communications' cable system to its use. AIMCO
drilled the locks on Time Warner Communications' lock boxes, connected each apartment to its cable
system, and then installed its own locks on Time Warner Communications' lock boxes.

 Since AIMCO would not allow Time Warner Communications to reconnect its cable
equipment, Time Warner Communications sought and was granted a temporary restraining order against
AIMCO. After a hearing, the trial court granted Time Warner Communications' request for a temporary
injunction, which forms the basis of this appeal. The order prohibits AIMCO from severing Time Warner
Communications' cables or wires at the complex, from breaking locks on Time Warner Communications'
cable distribution lockboxes, from removing Time Warner Communications' electronic devices at the
complex, and from using Time Warner Communications' cable system or wires located on the premises
to deliver cable signals. Additionally, the order prevents AIMCO from denying Time Warner
Communications access to the complex based on Time Warner Communications' easement to install, to
maintain, and to remove its equipment located on the property, and from interfering with Time Warner
Communications' right to provide cable television services to the Montecito residents pursuant to the
easement. The order does not prohibit AIMCO from providing cable service to the apartment complex
by another means.


STANDARD OF REVIEW


 In an appeal from an order granting or denying a request for a temporary injunction,
appellate review is limited to the validity of the order that grants or denies the injunctive relief. The
reviewing court may not consider the merits of the lawsuit. Davis v. Huey, 571 S.W.2d 859, 861-62
(Tex. 1978). The sole question to be determined by this Court is whether the trial court clearly abused its
discretion in granting the temporary injunction. Transport Co. of Texas v. Robertson Transps., Inc., 261
S.W.2d 549, 552 (Tex. 1953). The trial court abuses its discretion if it acts arbitrarily, unreasonably or
without reference to guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986).

 To show itself entitled to a temporary injunction, the movant must demonstrate both a
probable right to recovery and a probable, irreparable injury if the trial court does not grant the injunction. 
Robertson Transps., 261 S.W.2d at 552; Sun Oil Co. v. Whitaker, 424 S.W.2d 216, 218 (Tex. 1968);
Rutherford Oil Corp. v. General Land Office, 776 S.W.2d 232, 234 (Tex. App.--Austin 1989, no
writ). Proof that the applicant ultimately will prevail at trial is not required. State v. Southwestern Bell
Tel. Co., 526 S.W.2d 526, 528 (Tex. 1975).


ANALYSIS


 AIMCO complains of the trial court's order in five points of error. Points of error one,
three and four address evidentiary conflicts. The trial court does not abuse its discretion in granting a
temporary injunction when evidence conflicts as long as some evidence tends to support the order. Davis,
571 S.W.2d at 862. No findings of fact or conclusions of law were requested or filed. In this situation,
we are to presume that the trial court made all necessary findings to support its judgment. Worford v.
Stamper, 801 S.W.2d 108, 109 (Tex. 1990). The appellant may still challenge the evidence that supports
the trial court's implied findings. Id.; Wadsworth Properties v. ITT Employment & Training Sys., Inc.,
816 S.W.2d 819, 822 (Tex. App.--Houston [1st Dist.] 1991, writ denied).

 In point of error one, AIMCO claims the agreement terminated because Time Warner
Communications' cable franchise had expired. Time Warner Communications, however, introduced
evidence of its renewed cable franchise which would keep the agreement in force. In its third point of
error, AIMCO claims no evidence was introduced to prove the easement had been assigned to Time
Warner Communications. The trial court, however, heard extensive testimony regarding this issue,
especially from the President of the Austin division of Time Warner Entertainment-Advanced/Newhouse
Partnership. The fourth point of error asserts there is no evidence, or insufficient evidence, to support the
trial court's finding that Time Warner Communications and American Television and Communications are
substantially the same entity. The trial court heard evidence that, although the corporate ownership has
changed in form, Time Warner Communications is the successor in interest to American Television and
Communications. Since the parties presented conflicting evidence on all three points of error, we conclude
the trial court did not abuse its discretion in granting the temporary injunction. Southwestern Bell Tel. Co.,
526 S.W.2d at 528. We overrule points of error one, three, and four.

 In its second point of error, AIMCO attacks the legality of transferring easements in gross. 
Again, because no findings of fact or conclusions of law were requested or filed, the trial court judgment
must be upheld on any legal theory supported by the record. Davis, 571 S.W.2d at 862; Worford, 801
S.W.2d at 109. One theory Time Warner Communications advances is that commercial easements in
gross are assignable. The Restatement of Property supports this position, specifically stating that
commercial easements in gross are alienable property interests. Restatement (First) of Property § 489
(1944). AIMCO relies on Drye v. Eagle Rock Ranch, Inc., 364 S.W.2d 196 (Tex. 1962), as authority
for its position against assignment. This case, however, is distinguishable. The Drye case concerned an
easement appurtenant, and the court mentioned transferability of easements in gross only to the extent that
such easements are ordinarily not transferable or assignable. Drye, 364 S.W.2d at 203 (emphasis
added). AIMCO cites no Texas authority unequivocally holding commercial easements in gross are not
assignable. AIMCO also argues that the contract had to expressly provide for assignment of the easement
in gross for that to be permissible. The agreement confers an unrestricted easement in gross. On trial of
the merits, the construction of the contract and the intent of the parties may be issues to be determined, but,
in the absence of any restrictive language, the trial court could conclude the language of the agreement
allowed transferability. We overrule point of error two.

 In its fifth point of error, AIMCO attacks Time Warner Communications' showing of
irreparable injury. Time Warner Communications replies that it need not show irreparable injury. In cases
involving easements, Time Warner Communications argues the question on appeal is whether there is a
bona fide dispute as to the existence of the easement claimed, and whether injunctive relief is necessary to
preserve the continued exercise of the right pending the outcome of the trial on its merits. Petty v. Winn
Exploration Co., 816 S.W.2d 432, 433 (Tex. App.--San Antonio 1992, writ denied); Richter v.
Hickman, 243 S.W.2d 466, 468 (Tex. Civ. App.--Galveston 1951, no writ); Carleton v. Dierks, 195
S.W.2d 834, 837 (Tex. Civ. App. --Austin 1946, no writ). Clearly, the parties dispute the continued
existence of an easement and Time Warner Communications' rights in the easement. Considering
AIMCO's actions in cutting Time Warner Communications' cable and denying Time Warner
Communications access to the property, it is equally clear injunctive relief is necessary to preserve Time
Warner Communications' use of the easement pending the outcome of the controversy. In any event, the
record contains evidence from which the trial court could conclude that without injunctive relief Time
Warner Communications would suffer irreparable injury from denial of the use of the easement, from denial
of the use of its property, and from damage to its business reputation. For such injuries, the trial court could
conclude that there is no adequate remedy at law. We overrule point of error five.

 The purpose of a temporary injunction is the preservation of the status quo of the property
pending a trial on the merits. Getz v. Boston Sea Party of Houston, Inc., 573 S.W.2d 836, 837 (Tex.
Civ. App.--Houston [1st Dist.] 1978, no writ). Where the applicant proves the probability of some
easement right in the property of another, the status quo is the applicant's continued right to exercise
possession of the property as the easement provides. Id. at 838. In order to show a probable right to the
easement in AIMCO's property, Time Warner Communications had the burden of establishing the validity
of its easement to the Montecito Apartments. At the temporary injunction hearing, Time Warner
Communications introduced evidence that its cable franchise had been renewed in 1996, thus extending
the agreement with AIMCO concerning the easement. Through the testimony of the President of the Austin
division of Time Warner Entertainment-Advanced/Newhouse Partnership, Time Warner Communications
introduced evidence that it validly received the easement through the chain of assignments within the Time
Warner Communications family. Lastly, Time Warner Communications presented plausible legal theories
to support assignment of commercial easements in gross.

 Since Time Warner Communications demonstrated some probability of its right to the
easement and irreparable injury without immediate relief, the trial court could conclude it was entitled to
a temporary injunction to preserve the status quo. Status quo is considered to be the last, actual,
peaceable, noncontested status before the controversy arose. Robertson Transps., 261 S.W.2d at 553-54. In this case, the status quo existed prior to AIMCO's decision that Time Warner Communications did
not possess a valid easement to the Montecito Apartments. The trial court acted within its discretion to
restore the status quo in granting a temporary injunction which allowed Time Warner Communications the
continued use of the easement for the purposes of providing cable to the Montecito Apartments. AIMCO
has failed to demonstrate that the trial court's decision was arbitrary, unreasonable, or without any
reference to guiding principles so as to constitute an abuse of discretion.


CONCLUSION

 Without intruding upon the merits of the underlying cause of action, we conclude that a
basis exists upon which the trial court properly could have held that Time Warner Communications was
entitled to a temporary injunction pending the final hearing.

 The order of the trial court is affirmed.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: September 25, 1997

Do Not Publish



sary to
preserve the continued exercise of the right pending the outcome of the trial on its merits. Petty v. Winn
Exploration Co., 816 S.W.2d 432, 433 (Tex. App.--San Antonio 1992, writ denied); Richter v.
Hickman, 243 S.W.2d 466, 468 (Tex. Civ. App.--Galveston 1951, no writ); Carleton v. Dierks, 195
S.W.2d 834, 837 (Tex. Civ. App. --Austin 1946, no writ). Clearly, the parties dispute the continued
existence of an easement and Time Warner Communications' rights in the easement. Considering
AIMCO's actions in cutting Time Warner Communications' cable and denying Time Warner
Communications access to the property, it is equally clear injunctive relief is necessary to preserve Time
Warner Communications' use of the easement pending the outcome of the controversy. In any event, the
record contains evidence from which the trial court could conclude that without injunctive relief Time
Warner Communications would suffer irreparable injury from denial of the use of the easement, from denial
of the use of its property, and from damage to its business reputation. For such injuries, the trial court could
conclude that there is no adequate remedy at law. We overrule point of error five.

 The purpose of a temporary injunction is the preservation of the status quo of the property
pending a trial on the merits. Getz v. Boston Sea Party of Houston, Inc., 573 S.W.2d 836, 837 (Tex.
Civ. App.--Houston [1st Dist.] 1978, no writ). Where the applicant proves the probability of some
easement right in the property of another, the status quo is the applicant's continued right to exercise
possession of the property as the easement provides. Id. at 838. In order to show a probable right to the
easement in AIMCO's property, Time Warner Communications had the burden of establishing the validity
of its easement to the Montecito Apartments. At the temporary injunction hearing, Time Warner
Communications introduced evidence that its cable franchise had been renewed in 1996, thus extending
the agreement with AIMCO concerning the easement. Through the testimony of the President of the Austin
division of Time Warner Entertainment-Advanced/Newhouse Partnership, Time Warner Communications
introduced evidence that it validly received the easement through the chain of assignments within the Time
Warner Communications family. Lastly, Time Warner Communications presented plausible legal theories
to support assignment of commercial easements in gross.

 Since Time Warner Communications demonstrated some probability of its right to the
easement and irreparable injury without immediate relief, the trial court could conclude it was entitled to
a temporary injunction to preserve the status quo. Status quo is considered to be the last, actual,
peaceable, noncontested status before the controversy arose. Robertson Transps., 261 S.W.2d at 553-54. In this case, the status quo existed prior to AIMCO's decision that Time Warner Communications did
not possess a valid easement to the Montecito Apartments. The trial court acted within its discretion to
restore the status quo in granting a temporary injunction which allowed Time Warner Communications the
continued use of the easement for the purposes of providing cable to the Montecito Apartments. AIMCO
has failed to demonstrate that the trial court's decision was arbitrary, unreasonable, or without any
reference to guiding principles so as to constitute an abu