TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00109-CV







Bob Lewallen, Individually and d/b/a Southwest Rubber Industries, Appellant



v.



Barry Jarma, Individually and d/b/a Jarma Industries, Appellee







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 25,658, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING








 Appellant Bob Lewallen, individually and d/b/a Southwest Rubber Industries
appeals the district court's order granting the temporary injunctive relief requested by appellee
Barry Jarma, individually and d/b/a Jarma Industries. Although interlocutory, an appeal of a
temporary injunction is authorized by statute. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014
(West Supp. 1998). We will affirm the order of the district court. 


BACKGROUND

 There are few undisputed facts in this case. Around late August to early September
1995, Lewallen delivered equipment that he had purchased in California to Jarma's place of
business in Cameron, Texas. The equipment, which consisted of seven post presses, one mill, and
one hydraulic unit, was designed for use in the manufacture of various rubber products. At the
time of delivery, some of the machines were in varying states of disrepair; the extent of the
disrepair is disputed by the parties. Undisputed is the fact that during the following two years 
Jarma made various repairs to some of the equipment, used some of the equipment to produce
rubber products which he then sold to Lewallen (who in turn sold them to third parties), and used
the equipment to make products which Jarma himself sold to third parties. The dispute between Lewallen and Jarma arose when Lewallen indicated his intent
to remove the equipment from Jarma's place of business and relocate it to Lewallen's new facility
in the Dallas/Fort Worth area. Upon learning of this intent, Jarma, individually and d/b/a Jarma
Industries, filed suit against Lewallen, individually and d/b/a Southwest Rubber Industries, 
seeking a judgment from the district court declaring Jarma's rights and status concerning the
equipment in question. Jarma also sought and was granted a temporary restraining order against
Lewallen. 

 In his pleading, Jarma asked the court to grant the foreclosure of a lien held against
the equipment; in the alternative, Jarma sought a ruling that he owned an undivided one-half
interest in the equipment. After a hearing, the trial court granted Jarma's request for a temporary
injunction. The order prohibits Lewallen, individually and d/b/a Southwest Rubber Industries or
Elastotech Southwest, Inc., from in any way using or removing the equipment from Jarma's
premises. Lewallen appeals the trial court's order in four points of error.


STANDARD OF REVIEW

 In an appeal from an order granting a request for a temporary injunction, appellate
review is limited to the validity of the order that grants the injunctive relief. The reviewing court
may not consider the merits of the lawsuit. See Davis v. Huey, 571 S.W.2d 859, 861-862 (Tex.
1978). The sole question to be determined by this Court is whether the trial court clearly abused
its discretion in granting a temporary injunction. See Transport Co. of Tex. v. Robertson
Transps., Inc., 261 S.W.2d 549, 552 (Tex. 1953). The trial court abuses its discretion if it acts
arbitrarily, unreasonably or without reference to guiding rules or principles. See Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-242 (Tex. 1985), cert. denied, 476 U.S. 1159
(1986). The trial court cannot be said to abuse its discretion in the issuance of a writ of injunction
if the petition alleges a cause of action and the evidence tends to sustain it. See Robertson
Transps., 261 S.W.2d at 552. Further, there is no abuse of discretion where the trial court
predicates its order upon conflicting evidence. See Davis, 571 S.W.2d at 862.


ANALYSIS

 In his first two points of error, Lewallen complains that the district court abused
its discretion in granting the injunctive order because Jarma did not demonstrate a probable right
to recover on either of his claims. In his first point, Lewallen claims that Jarma failed to show
a probable right of recovery on the merits as Jarma failed to timely file his lien under Chapter 58
of the Texas Property Code. In his second point, Lewallen claims that Jarma failed to establish
that a partnership existed between the two of them. The trial court made formal findings of fact
at Lewallen's request. The first finding of fact states that Jarma is likely to prevail on his claims. 
The second states that if the temporary orders in Jarma's cause of action were not granted, then
Jarma would have no adequate remedy at law.

 At a hearing for a temporary injunction, the only question before the trial court is
whether the applicants are entitled to an order to preserve the status quo pending trial on the
merits. See Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993). In order to show itself entitled
to such an order, the movant must demonstrate both a probable right to recovery and a probable
injury in the interim before final judgment. See Robertson Transps., 262 S.W.2d at 552; Sun Oil
Co. v. Whitaker, 424 S.W.2d 216, 218 (Tex. 1968); Rutherford Oil Corp. v. General Land Office,
776 S.W.2d 232, 234 (Tex. App.--Austin 1989, no writ). Since Jarma has pleaded alternate
theories of relief, he must only prove a probable right to recover on one of his claims. Moreover,
the movant is not required to establish that he will ultimately prevail in the litigation. See Sun Oil
Co., 424 S.W.2d at 218; Emerson v. Fires Out, Inc., 735 S.W.2d 492, 494 (Tex. App.--Austin
1987, no writ). 

 In support of his first point of error, Lewallen claims that Jarma could not prevail
on his request to have the court foreclose on his lien because as a matter of law Jarma failed to
satisfy the notice requirements necessary for securing a lien under Texas Property Code section
58.004. That section provides in part:


(a) Not later than the 30th day after the day that the indebtedness accrues, a worker
who has not received payment for work performed and who wishes to claim the
lien must: (1) serve a copy of an account of the services, stating the amount due,
on the employer or the employer's agent, receiver, or trustee; and (2) file a copy
of the account with the county clerk of the county in which the services were
performed. 



Tex. Prop. Code Ann. § 58.004 (West 1984). Evidence presented at the hearing established that
Jarma filed an Account for Services and Notice of Lien with the clerk of Milam County on
November 10, 1997. However, Jarma testified at the hearing that the latest equipment repairs had
been made four or five months prior to that time. Lewallen claims that because the evidence
presented at the hearing establishes that Jarma filed his account for services four or five months
after the latest series of repairs had been completed, the thirty-day notice and filing requirements
were not satisfied; therefore, Jarma failed to properly secure his lien and could not prevail on his
claim for foreclosure at trial. 

 An indebtedness for labor accrues on the date fixed by agreement for the payment
therefor, and a lien for the labor filed within thirty days after such date is filed within thirty days
after the accrual of the indebtedness. See Partin, Fondren & Fowler v. Wallace, 121 S.W. 515,
515 (Tex. Civ. App. 1909, no writ). The evidence presented at the hearing establishes that there
is a fact issue about the specifics of the agreement in this case, including the date on which
indebtedness was to accrue. Lewallen's argument in support of his first point of error is based on
the assumption that the agreement between the parties stipulated that payment would be due either
(a) in June or July of 1997, or (b) upon completion of the repairs made to the specific equipment
that was repaired during that time (a four-post press). However, Jarma presented evidence to the
district court that there was no agreement as to when the repairs were to be completed. In light
of this conflicting evidence, we conclude that the trial court did not abuse its discretion in holding
that Jarma likely will prevail on his request for a lien foreclosure. We overrule point of error one. 
Furthermore, having found that the trial court did not abuse its discretion in finding that Jarma
demonstrated a probable right to recover on his initial claim, we decline to address Lewallen's
second point of error concerning Jarma's alternate theory of recovery. 

 In his third point of error Lewallen alleges that the trial court erred in granting the
temporary injunction because Jarma has an adequate remedy at law. The requirement of probable
injury in the interim before final judgment includes the elements of imminent harm, irreparable
injury, and no adequate remedy at law. See University of Tex. Med. Sch. at Houston v. Than, 834
S.W.2d 425, 428 (Tex. App.--Houston [1st Dist.] 1992, no writ); Miller v. K & M Partnership,
770 S.W.2d 84, 87 (Tex. App.--Houston [1st Dist.] 1989, no writ). Furthermore, one element
to consider in the determination of abuse of discretion in the issuance of a temporary injunction
is the existence of an adequate remedy at law. See Harris County v. Gordon, 616 S.W.2d 167,
168 (Tex. 1981). Lewallen contends that the evidence presented at the hearing establishes that
Lewallen is both solvent and capable of responding in the event that Jarma recovers judgment for
damages. However, a right to recover damages can be an inadequate remedy under certain
circumstances. See Walling, 863 S.W.2d at 58 (citing Roland Mach. Co. v. Dresser Indus., 749
F.2d 380, 386 (7th Cir. 1984)). One such circumstance is where the damage award may come too
late to save the applicant's business. See TCA Bldg. Co. v. Northwestern Resources, 890 S.W.2d
175, 179 (Tex. App.--Waco 1994, no writ) (citing Roland Mach., 749 F.2d at 386). 

 The record contains some evidence that Jarma may lose his business if the
temporary injunction does not issue. Jarma testified that he would be irreparably harmed should
the equipment be taken from him. Furthermore, Bob Hernandez, who works for Lewallen,
testified that Jarma told Hernandez and Lewallen that removing the equipment would put Jarma
out of business and they were "breaking his back" by attempting to do so. Based on this evidence,
the trial court could conclude that Jarma faced an imminent, irreparable injury that provided him
with no adequate remedy at law. In a review for abuse of discretion, an appellate court may not
disturb the trial court's fact findings as long as they are supported by some evidence. See
Robertson Transps., 262 S.W.2d at 552. We overrule point of error three.

 In his fourth point of error, Lewallen claims the trial court erred in granting Jarma's
motion for temporary injunction because Jarma failed to demonstrate a probable right of recovery
on the theory that he is a joint owner or tenant in common of the equipment and failed to make that
assertion before the trial court. We decline to address Lewallen's fourth point of error because
it concerns a theory of recovery that has never been raised by Jarma. 

 The purpose of a temporary injunction is the preservation of the status quo of the
property pending trial on the merits. See Getz v. Boston Sea Party of Houston, Inc., 573 S.W.2d
836, 837 (Tex. Civ. App.--Houston [1st Dist.] 1978, no writ). Since Jarma demonstrated some
probability of his right to recover under his claim and irreparable injury without immediate relief,
the trial court could conclude he was entitled to a temporary injunction to preserve the status quo. 
Status quo is considered to be the last, actual, peaceable, noncontested status before the
controversy arose. See Robertson Transps., 261 S.W.2d at 553-54. In this case, the status quo
existed prior to Lewallen's decision to attempt to remove the equipment from Jarma's place of
business without compensating Jarma for the repairs that he had made. The trial court acted
within its discretion to maintain the status quo in granting a temporary injunction, which allows
Jarma the use of the equipment for the purposes of continuing his normal business operations. 
Lewallen has failed to demonstrate that the trial court's decision was arbitrary, unreasonable, or
without reference to guiding principles so as to constitute an abuse of discretion.


CONCLUSION

 Without intruding upon the merits of the underlying cause of action, we conclude
that a basis exists upon which the trial court could properly have held that Jarma, individually and
d/b/a Jarma Industries, was entitled to a temporary injunction pending the final hearing.

 The order of the trial court is affirmed.



 

 Marilyn Aboussie, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: November 19, 1998

Do Not Publish



buse of discretion in the issuance of a temporary injunction
is the existence of an adequate remedy at law. See Harris County v. Gordon, 616 S.W.2d 167,
168 (Tex. 1981). Lewallen contends that the evidence presented at the hearing establishes that
Lewallen is both solvent and capable of responding in the event that Jarma recovers judgment for
damages. However, a right to recover damages can be an inadequate remedy under certain
circumstances. See Walling, 863 S.W.2d at 58 (citing Roland Mach. Co. v. Dresser Indus., 749
F.2d 380, 386 (7th Cir. 1984)). One such circumstance is where the damage award may come too
late to save the applicant's business. See TCA Bldg. Co. v. Northwestern Resources, 890 S.W.2d
175, 179 (Tex. App.--Waco 1994, no writ) (citing Roland Mach., 749 F.2d at 386). 

 The record contains some evidence that Jarma may lose his business if the
temporary injunction does not issue. Jarma testified that he would be irreparably harmed should
the equipment be taken from him. Furthermore, Bob Hernandez, who works for Lewallen,
testified that Jarma told Hernandez and Lewallen that removing the equipment would put Jarma
out of business and they were "breaking his back" by attempting to do so. Based on this evidence,
the trial court could conclude that Jarma faced an imminent, irreparable injury that provided him
with no adequate remedy at law. In a review for abuse of discretion, an appellate court may not
disturb the trial court's fact findings as long as they are supported by some evidence. See
Robertson Transps., 262 S.W.2d at 552. We overrule point of error three.

 In his fourth point of error, Lewallen claims the trial court erred in granting Jarma's
motion for temporary injunction because Jarma failed to demonstrate a probable right of recovery
on the theory that he is a joint owner or tenant in common of the equipment and failed to make that
assertion before the trial court. We decline to address Lewallen's fourth point of error because
it concerns a theory of recovery that has never been raised by Jarma. 

 The purpose of a temporary injunction is the preservation of the status quo of the
property pending trial on the merits. See Getz v. Boston Sea Party of Houston, Inc., 573 S.W.2d
836, 837 (Tex. Civ. App.--Houston [1st Dist.] 1978, no writ). Since Jarma demonstrated some
probability of his right to recover under his claim and irreparable injury without immediate relief,
the trial court could conclude he wa