Kenneth WOLFORD, Appellant,

v.

AMERICAN HOME ASSURANCE COMPANY, Appellee.

No. 01–05–00215–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 4, 2006.

William J. Robertson, Houston, TX, for Appellant.

David J. Metzler, Cowles & Thompson, P.C., Dallas, TX, for Appellee.

Panel consists of Justices NUCHIA, KEYES, and HANKS.

## OPINION

EVELYN V. KEYES, Justice.

This is a workers' compensation case. Appellant, Kenneth Wolford, appeals from an order granting summary judgment in favor of appellee, American Home Assurance Company ("AHAC"). In 2002, AHAC brought suit against Wolford to challenge a Texas Workers' Compensation Commission (TWCC) appeals panel's decision awarding Wolford certain worker's compensation benefits. In his answer, Wolford asserted counterclaims alleging that AHAC's suit breached the common law duty of good faith and fair dealing and that the suit itself was groundless and frivolous. AHAC non-suited its original action against Wolford and moved for traditional summary judgment on his counterclaims. The trial court granted AHAC's motion without specifying the grounds for its decision. In five issues on appeal, Wol-

ford contends that the trial court erred in granting AHAC's motion for summary judgment because genuine issues of material exist regarding whether AHAC brought suit for the bad faith purpose of delaying benefit payments.

We affirm.

## BACKGROUND

In May 2001, Wolford, while working at Wal–Mart, injured his back as he lifted a case of juice. AHAC, the workers' compensation carrier for Wal–Mart, received a report describing the injury on May 11, 2001. Wolford subsequently began physical therapy treatments for which AHAC agreed to pay. After three months of physical therapy, Wolford's treating physician determined that Wolford might be a candidate for back surgery and referred him to a specialist, Dr. Vivek Kushwaha. Dr. Kushwaha concluded that Wolford suffered from lower disc degeneration and herniation and devised the following treatment plan:

> I am going send him for epidural steroid injections to try to help relieve his pain. I am going to send for authorizations for microdiskectomy just in case the injections don't work so that we can help relieve his leg pain. I think a fusion would be necessary to address his degenerative disc but I would not recommend that for him at this point. I will see him back after the injections.

Upon receiving Dr. Kushwaha's recommendation that spinal surgery ("fusion") would likely be necessary to treat Wolford, AHAC exercised its right to obtain a second medical opinion prior to approving payment for the surgery. *See* TEX. LAB. CODE ANN. § 408.026 (Vernon 1996). AHAC referred Wolford to Dr. Stephen Esses, a professor of clinical orthopedic surgery at Baylor College of Medicine. While his examination of Wolford detected

some disc degeneration and protrusion, Dr. Esses concluded that he did not concur with Dr. Kushwaha's recommendation for surgery. Wolford subsequently sought the opinion of a third back specialist, Dr. Mark McDonnell, who agreed with Dr. Kushwaha's recommendation regarding the need for surgery.

With the three examining specialists offering conflicting opinions, AHAC sought a contested case hearing before the TWCC. *See* Tex. Lab.Code Ann. § 410.151 (Vernon 1996). On April 23, 2002, a TWCC hearing officer found in Wolford's favor, concluding that the costs of the spinal surgery were reasonable and necessary and thus covered under AHAC's policy. AHAC appealed the decision to a TWCC appeals panel which upheld the hearing officer's decision. *See* Tex. Lab.Code Ann. § 410.202 (Vernon Supp.2005).

Having exhausted its administrative appeals, AHAC filed suit against Wolford in order to obtain judicial review of the appeals panel's decision pursuant to section 410.251 of the Texas Labor Code. *See* Tex. Lab.Code Ann. § 410.251 (Vernon 1996). In his answer to AHAC's suit, Wolford counterclaimed that the carrier's decision to seek judicial review was a breach of its common law duty of good faith and fair dealing and that its suit was groundless and frivolous. By agreement of the parties, Wolford's counterclaims were severed from the original action. On January 30, 2004, prior to trial, AHAC non-suited its original action against Wolford with prejudice. Subsequently, AHAC moved for summary judgment on Wolford's counterclaims. The trial court granted AHAC's summary judgment motion on February 1, 2005, and this appeal followed.

## DISCUSSION

Wolford raises five issues on appeal, all of which contend that the existence of genuine issues of material fact should have precluded the trial court from granting AHAC's motion for summary judgment. Wolford specifically contends that (1) a fact issue exists regarding whether AHAC had a reasonable basis to seek judicial review of the appeal panel's decision or did so solely for the purpose of delaying benefit payments; (2) AHAC's non-suit creates a fact issue as to whether AHAC genuinely relied on Dr. Esses's report when it filed its suit against Wolford; (3) a fact issue exists as to when AHAC could have taken a non-suit (Wolford contends that waiting until shortly before the trial to do so suggests that AHAC filed suit merely to delay paying for Wolford's spinal surgery); (4) AHAC's failure to forward a certified copy of the appeals panel's decision to the trial court raises a fact issue regarding whether AHAC ever intended to pursue its suit; and (5) AHAC's failure to forward a certified copy of the appeals panel's decision to the trial court creates a fact issue as to whether AHAC's suit was frivolously filed for the purpose of delaying benefit payments. Because Wolford's contentions are so closely related—all having to do with actions allegedly showing that AHAC's suit appealing the administrative decision was filed solely for the purpose of delay and harassment—we review them together, rather than as separate issues on appeal.

### Standard of Review

The standard of review for a traditional summary judgment is well established: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that he is therefore entitled to summary judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference

must be indulged in favor of the non-movant and any doubts resolved in his favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985).

For a defendant to prevail on summary judgment, it must either show that there is no genuine issue of material fact concerning one or more essential elements of the plaintiff's cause of action or establish each element of an affirmative defense as a matter of law. *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 27 (Tex.1990). If the defendant disproves an element of the plaintiff's cause of action as a matter of law, summary judgment is appropriate. *Friendswood Dev. Co. v. McDade & Co.,* 926 S.W.2d 280, 282 (Tex.1996). When necessary to establish a fact issue, the non-movant must present summary judgment evidence. *Westland Oil Dev. Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903, 907 (Tex.1982). When the summary judgment order does not state the specific grounds on which it was granted, the non-movant must show on appeal that no ground alleged in the motion is sufficient to support the granting of the summary judgment. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989).

### Duty of Good Faith and Fair Dealing

■ A workers' compensation carrier has a duty to deal fairly and in good faith with injured employees. *See The Universe Life Ins. Co. v. Giles,* 950 S.W.2d 48, 50–51 (Tex.1997); *Aranda v. Ins. Co. of N. Am.,* 748 S.W.2d 210, 212–13 (Tex.1988). The duty to treat the claims of injured employees fairly and in good faith arises from the special relationship between the insurer and insured. *Aranda,* 748 S.W.2d at 212. Because of the disparity in bargaining power between the two parties, the duty of good faith and fair dealing is necessary to insure that workers' compensation carriers do not exercise their leverage to unjustly dismiss the claims of injured employees. *Id.*

■ To successfully bring an action for breach of the duty of good faith and fair dealing, a workers' compensation claimant must show that his compensation carrier (1) delayed or denied payment of benefits; (2) without a reasonable basis for doing so; and (3) knew or should have known that no reasonable basis existed for the delay or denial of benefits. *See Giles,* 950 S.W.2d at 56. Thus, if the payment of benefits was not delayed or denied, no breach of the duty of good faith and fair dealing would attain as a matter of law. *See id.* Alternatively, even in the event that a carrier's actions did delay or deny benefits, a breach of the duty does not arise if such actions were reasonable. *See id.* In assessing reasonableness, a reviewing court must first determine the basis for a carrier's actions and then conduct a qualitative evaluation to determine if the carrier's reliance on this basis was reasonable. *See Columbia Life Ins. Co. v. Miles,* 923 S.W.2d 803, 809 (Tex.App.-El Paso 1996, writ denied).

■ A workers' compensation provider may seek judicial review of a TWCC appeals panel's decision pursuant to section 410.251 of the Texas Labor Code. *See* TEX. LAB.CODE ANN. § 410.251 ("A party that has exhausted its administrative remedies under this subtitle and that is aggrieved by a final decision of the appeals panel may seek judicial review."). When a suit is brought challenging the decision of a TWCC appeals panel, the appeals panel's decision remains binding until there is a final non-appealable judgment in the case. *See* TEX. LAB.CODE ANN. § 410.205(b); *Lopez v. Texas Workers' Comp. Ins. Fund,* 11 S.W.3d 490, 492–95 (Tex.App.-Austin 2000, no pet.). Thus, if the appeals panel awards certain benefits to a claimant and the claimant's provider brings suit seeking

judicial review of the award, the claimant is entitled to receive the benefits at issue during the pendency of the provider's appeal. *See Lopez*, 11 S.W.3d at 492–95. In the event that a claimant obtains medical treatment in accordance with a subsequently reversed appeals panel decision, the claimant is not required to reimburse his provider for any payments the provider made on behalf of the claimant prior to the panel's decision being overturned. Instead, the provider obtains reimbursement from a state run subsequent injury fund.[1]

Here, the TWCC appeals panel determined that Wolford was entitled to spinal surgery benefits payable by AHAC. As a matter of law, AHAC's decision to seek judicial review of this determination could not delay or deny Wolford's benefits since his entitlement to the disputed benefits remained binding during the pendency of AHAC's appeal and Wolford faced no risk of having to reimburse AHAC for any payments he received during the duration of AHAC's suit. *See* TEX. LAB.CODE ANN. §§ 410.205(b), 410.209. Nor did Wolford present any evidence indicating that AHAC's suit prevented him from obtaining benefits. As noted, a claimant must show that his carrier's actions delayed or denied the payment of benefits in order to make a successful claim that the duty of good faith

and fair dealing was breached. *Aranda*, 748 S.W.2d at 212–13.

■ We hold that the trial court did not err in granting AHAC summary judgment on Wolford's breach of good faith and fair dealing claim.[2]

### Wolford's Claim that AHAC's Suit was Groundless and Brought for Harassment or Delay

■ In his second amended answer, Wolford asserted that AHAC's suit against him was groundless and frivolous pursuant to Chapters 9 and 10 of the Texas Civil Practice and Remedies Code and Rule 13 of the Texas Rules of Civil Procedure. These statutory and procedural provisions allow one to seek sanctions against a party who signs a pleading or motion knowing that it is groundless and brought for the purposes of harassment or delay. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 9.011, 10.001 (Vernon 2002); TEX.R. CIV. P. 13. Here, as noted, AHAC possessed a statutory right to seek judicial review of the TWCC appeals panel's decision. *See* TEX. LAB.CODE ANN. § 410.251 (Vernon 1996); *In re Tyler Asphalt & Gravel Co.* 107 S.W.3d 832, 840 (Tex.App.-Houston [14th Dist.] 2003, orig. proceeding). Furthermore, based on the non-unanimous medical opinions regarding Wolford's need for surgery, a reasonable

---

1. According to section 410.209 of the Texas Labor Code:

   The subsequent injury fund shall reimburse an insurance carrier for any overpayments of benefits made under an interlocutory order or decision if that order or decision is reversed or modified by final arbitration, order, or decision of the commissioner or a court.

   *See* TEX. LAB.CODE ANN. § 410.209 (Vernon Supp.2005).

2. We note that even if its suit did cause a delay in the provision of benefits to Wolford, AHAC possessed a reasonable basis for challenging the appeals panel's decision. A bona

fide medical dispute as to the need for contested benefits has been held to constitute a reasonable basis for delaying or denying the payment of a claim. *See, e.g., Provident American Ins. Co. v. Castaneda*, 988 S.W.2d 189, 194 (Tex.1998); *Packer v. Travelers Indem. Co. of R.I.*, 881 S.W.2d 172, 174 (Tex.App.-Houston [1st Dist.] 1994, no writ). Here, Dr. Esses, a professor of orthopedic surgery at Baylor School of Medicine, opined that Wolford did not require surgery. No action for a breach of the duty of good faith and fair dealing may lie when a carrier possesses a reasonable basis for its actions. *See Giles*, 950 S.W.2d at 50–51.

basis existed for AHAC to challenge the determination of the appeals panel. Thus, its suit was not groundless. We therefore conclude that the trial court did not abuse its discretion in declining to sanction AHAC.

## CONCLUSION

We affirm the judgment of the trial court.