Opinion Issued November 1, 2007










In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00558-CV






IN RE ESTHER WARD, Relator






Original Proceeding on Petition for Writ of Mandamus





O P I N I O N


 Relator, Esther Ward, filed a petition for writ of mandamus complaining of the
trial court's (1) June 25, 2007 order compelling relator to present herself for a medical
examination that relator contends is void for lack of jurisdiction.

 Relator claimed a job-related injury and filed for workers' compensation with
the Texas Department of Insurance, Workers' Compensation Division ("the
Division"). Relator's claim proceeded through the administrative levels until,
ultimately, American Home Assurance Company ("the carrier") sought judicial
review of the division's award of benefits to relator as provided for in the Texas
Labor Code. Tex. Lab. Code Ann. § 410.251 (Vernon 2006). 

 Upon the carrier's motion, the trial court directed relator to appear for an
independent medical examination pursuant to Texas Rule of Civil Procedure 204. (2) 
Tex. R. Civ. P. 204. Relator then sought this writ of mandamus, asserting that the
trial court's order is void for want of jurisdiction. (3)

 Relator asserts in her petition for writ of mandamus that this order constitutes
a "required medical examination" under the Texas Labor Code and that the Division
retains exclusive jurisdiction over medical examinations. Relator asserts that section
408.004 of the Labor Code requires an insurance carrier to seek an order for a
medical examination from the Division. Tex. Lab. Code Ann. § 408.004. However,
although chapter 408 of the Texas Labor Code concerns workers' compensation
benefits, chapter 410 addresses adjudication of disputes regarding workers'
compensation benefits. Once judicial-review proceedings began regarding
compensability, sections 410.301 to 410.308 became pertinent. Id. §§ 410.301-
410.308.

 Section 410.302(a) provides that "the records of a contested case hearing
conducted under this chapter are admissible in a trial under this subchapter in
accordance with the Texas Rules of Evidence." Id. § 410.302(a). Section 410.306
provides that "evidence shall be adduced as in other civil trials" and "all facts and
evidence the [Division's] record contains are admissible to the extent allowed under
the Texas Rules of Evidence." Id. § 410.306. Section 410.306(c) establishes a
limitation:

 Except as provided by Section 410.307, evidence of extent of
impairment shall be limited to that presented to the division. The court
or jury, in its determination of the extent of impairment, shall adopt one
of the impairment ratings under Subchapter G, Chapter 408.


Id. Because only evidence of extent of impairment is limited to that presented to the
Division, the implication is that new evidence of other relevant issues, such as
causation, is admissible. In fact, when an appeals panel decision is appealed to the
trial court, the trial court reviews it under a modified de novo standard. State Office
of Risk Mgmt. v. Escalante, 162 S.W.3d 619, 626 (Tex. App.--El Paso 2005, pet.
dism'd) (citing Texas Workers' Comp. Comm'n v. Garcia, 893 S.W.2d 504, 530 (Tex.
1995); Peterson v. Continental Cas. Co., 997 S.W.2d 893, 895 (Tex. App.--Houston
[1st Dist.] 1999, no pet.)). The proceeding is reviewed de novo because new evidence
(other than that presented to the hearing officer) is admissible at trial. Id.

 Because the trial court retained jurisdiction over the issue of compensability,
it had the authority to issue an order under Rule 204 if the requirements for obtaining
the order were met. (4)
 Thus, we deny the petition for writ of mandamus and vacate our
July 3, 2007 order staying the complained-of order of the trial court.

PER CURIAM


Panel consists of Justices Taft, Hanks, and Higley.




1. The underlying case is Am. Home Assurance Co. v. Esther Ward, No. C-2007-79737, in the 270th District Court of Harris County, Texas, the Honorable
Brent Gamble, presiding. 
2. Relator had been previously directed to attend a "required medical
examination" by the division and complied. 
3. Courts have held that it is appropriate to challenge an order under former
Texas Rule of Civil Procedure 167a, the predecessor to Rule 204, through a
petition for writ of mandamus. See Williams v. Sanderson, 904 S.W.2d 212,
214 (Tex. App.--Beaumont 1995, orig. proceeding). 
4. The petition does not seek to have this Court address whether those
requirements were met, but attacks only the trial court's jurisdiction to issue
the order.